UNITED STATES *v.* INTERNATIONAL FORWARDING CO., INC. (No. 3296)[1]

United States Court of Customs and Patent Appeals, April 29, 1930

*Charles D. Lawrence*, Assistant Attorney General (*Marcus Higginbotham*, special attorney, of counsel), for the United States.

*Comstock & Washburn* (*George J. Puckhafer* of counsel) for appellee.

[Oral argument April 17, 1930, by Mr. Lawrence and Mr. Puckhafer]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Certain merchandise was imported by appellee at the port of New York and was classified by the collector as an alcoholic compound under paragraph 24 of the Tariff Act of 1922. The importer protested, claiming the goods to be classifiable as "all other soap * * * not specially provided for" under paragraph 82 of said tariff act, with alternative claims under paragraphs 13 and 1459, which alternative claims are not pressed here.

On the hearing in the court below the appraiser's answer to the protest, together with the Government chemist's report and a sample

of the merchandise, were introduced in evidence, and upon these the case was submitted and the protest sustained. The appraiser's report recites, in part:

The merchandise in question is described on the invoice as liquid soap (Ditto Cleaning Paste), and was on examination found to be a compound containing more than 20 and less than 50 per centum of alcohol.

The chemist's report is as follows:

The sample is a soap composed of soap, alcohol, water, free fat or oil, and a trace of perfume.

Loss at 100° C _____ 65%
Free oil and unsaponifiable matter _____ 6. 6%
Soap _____ 28. 4%

Not sulphonated and contains no castor oil.
42.1% absolute alcohol by weight.

The sample is a collapsible tube about 6½ inches in length containing a soft paste or cream much like shaving cream, almost white in color, and slightly scented. On the tube is a label which reads as follows:

DITTO

Cleaning Paste

Harmless medium for cleaning hands from stains of Ditto typewriter ribbons, carbon paper, inks, or pencils. Rub a little paste over soiled spot, then wash in water.

It is conceded by counsel for both parties that under the holding in *United States* v. *Farbenfabriken of Elberfeld Co.*, 3 Ct. Cust. Appls. 358, T. D. 32911, the classification of the collector was erroneous and that the material should have been classified under said paragraph 82. It is also expressly conceded by counsel for the importer that the merchandise in question is soap. The only question, therefore, for determination is whether the material is toilet soap or whether it comes in the general provision for all other soap not specially provided for in said paragraph. Said paragraph 82 reads as follows:

PAR. 82. Soap: Castile, 15 per centum ad valorem; toilet, 30 per centum ad valorem; all other soap and soap powder not specially provided for, 15 per centum ad valorem.

The dutiability of this soap must be tested by its chief use. The only evidence there is before us in this respect is contained in the contents of the label above quoted. From this it appears the soap is used for the purpose of cleaning stains from the hands. The material is applied to the hands and they are then washed with water, and this is said to eradicate the stains.

This being the use of the soap, it is obvious that it is a toilet soap. In *United States* v. *Yardley & Co.*, 16 Ct. Cust. Appls. 499, T. D.

43226, we said that toilet soap is one the chief use of which is in connection with the toilet. Later, in *United States* v. *Conover and F. Rochow & Co.*, 17 C. C. P. A. 462, T. D. 43917, we had before us certain soap used by mechanics and others for cleaning hands which were unusually soiled with ink, grease, tar, etc. The question there, as here, was whether the soap in question was a toilet soap. In discussing this matter we said:

It could hardly be contended that the act of washing and cleansing the hands was not a part of the making of the toilet. What means shall be utilized in doing this is just a matter of degree. There is a considerable difference between the grimy hands of the boy as he comes from play and the dainty fingers of the lady of fashion. What will cleanse one will have no effect on the other. The cleansing of them, however, in both cases, is a toilet operation. The fact that the engineer or garage mechanic must use this, or a like soap, to cleanse his hands or arms, does not make it any the less a part of his toilet. The term "toilet soap" is doubtless used in the statute to differentiate soap used in making the toilet, from "all other soap and soap powder," such as is used for household and laundry purposes. We are of opinion the soap in question was properly classified as toilet soap.

That language is equally applicable here. We are therefore of opinion that the articles of importation in question should have been classified as toilet soap under the second clause of said paragraph 82. The importer, however, not having protested under this classification, is not entitled to relief, and the collector's classification must stand.

It is suggested that under the reasoning of the opinion filed by this court in *United States* v. *Neuman & Schwiers Co.*, 18 C. C. P. A.—, T. D. 43971, the court is not at liberty here to consider the label appearing on the sample in this case as any evidence of the use of the article. We do not so understand the opinion filed in the case cited. There this court said:

The label on the bottle and the very unsatisfactory evidence as to the alcoholic content under the circumstances we think would not justify this court in suggesting that the merchandise is dutiable under paragraph 24.

This was not at all a holding that the label was not evidentiary in character.

As a matter of fact, in *United States* v. *Conover and Rochow, supra*, we considered the label on the soap in question as evidence, to some extent at least, of the use of the material in question.

The judgment of the United States Customs Court is *reversed* without approving the classification made by the collector.

LENROOT, Judge, concurring:

I concur in the conclusion reached by the majority and the reasons given therefor, but I am unable to understand upon what theory it fixes the character of the soap in issue, upon the statement upon the label in evidence, without overruling the majority opinion in the case of *United States* v. *Neuman & Schwiers Co.*, 18 C. C. P. A.—, T. D. 43971,

in which case a majority of this court declined to consider for purposes of classification, as an admission against interest, a label offered in evidence by the importer in that case, corroborated by oral testimony as to the correctness of the statements upon the label. The question in that case was as to the proper classification of certain merchandise. In the majority opinion this court said:

The label on the bottle and the very unsatisfactory evidence as to the alcoholic content under the circumstances we think would not justify this court in suggesting that the merchandise is dutiable under paragraph 24.

The record and opinion in that case disclose that if the label had been accepted, the merchandise was classifiable under said paragraph 24.

The only difference between that case and the case at bar is that in the former there was not only the label, offered in evidence by the importer, constituting an admission against interest, but in addition, the testimony of the importer's witness that the statement of the label was correct. In the case at bar there is no such testimony, and the case rests upon the label alone, so the only distinction between the two cases is that in the former case this court declined to consider much stronger evidence of the same character as that upon which the decision in the case at bar is based. In the former case the label, plus corroborating evidence, with no conflicting testimony, was disregarded; in the case at bar, the label, with no corroborating evidence, is accepted as determining classification.

In the *Neuman & Schwiers Co.* case, *supra*, I filed a dissenting opinion, in the course of which I said:

Of course, the label upon the bottle could not have been used by appellee as proof of the contents of the bottle, for in that case it would have been a self-serving declaration; but the Government can and does properly urge that this label introduced in evidence by appellee, together with his positive testimony that the ingredients were as stated upon the label, is sufficient proof of the contents, there being nothing in the record to the contrary. The label constitutes an admission. I submit that the presence of 13 per centum of alcohol in the merchandise is established by the record, for the purposes of this case.

I further said:

When an importer places in evidence a label purporting to give the ingredients of the merchandise, and testifies positively that the label correctly states the ingredients, which, if true, would defeat his claim, to hold that no consideration shall be given to these admissions against interest is equivalent to holding that the burden is upon the Government to establish dutiability under a paragraph not claimed in the protest in order for it to succeed. This is clearly not the law.

I believe that the position taken by the majority opinion in the case at bar is correct, but instead of attempting to distinguish the decision in the *Neuman & Schwiers Co.* case upon this point, which in my opinion can not be done, I submit that the court should expressly overrule it.